This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42304**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**CHRISTINA M. HANEN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Eric Orona, Assistant Solicitor General
Albuquerque, NM

for Appellant

Stoker Law Firm
Arlon L. Stoker
Farmington, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the State's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse and remand for the following reasons.

**{2}** The State appeals the district court's order granting Defendant's motion in limine, which excluded two of the State's witnesses. On appeal, the State contends the district court erred by failing to conduct the required analysis found in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, and *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959. [BIC 7-11] The State appears to understand the district court's order as a sanction for a discovery violation that was not justified by application of the factors in *Harper* and *Le Mier*. [BIC 7]

**{3}** In the current case, Defendant's charges arise out of a single-car accident in which all four occupants of the vehicle were thrown from the vehicle and one was killed. [AB 4] The State alleges that Defendant was the driver of the vehicle and charged her with homicide by vehicle, two counts of great bodily harm by vehicle, driving without a license, and driving without proof of insurance. [1 RP 72-73] Defendant has sought access to the Federal Bureau of Investigation's (FBI) information on the criminal histories of the other surviving occupants of the vehicle, who have claimed that Defendant was the driver of the vehicle when the accident occurred. [1 RP 191, 231-32] Defendant claims that one of those two State witnesses was actually the driver and that both witnesses have a motive to lie and conceal their involvement with the crash, which may somehow relate to their criminal histories. [AB 5] Defendant's arguments in district court and on appeal presume without explanation that Defendant has a right to the FBI's information and that the State has an obligation to collect, and provide Defendant with, the FBI's information on the two witnesses' potential multi-state criminal histories. The district court apparently agreed that Defendant has a right to obtain the witnesses' criminal histories from the FBI and that the State bears some responsibility to provide Defendant with those witnesses' criminal histories and therefore excluded those witnesses' testimony under "our Rules of Criminal Procedure, the [c]ourt's [o]rders filed herein, [and] basic [d]ue [p]rocess." [2 RP 310] As we explain below, because the exclusion of the witnesses' testimony under these theories does not have support in the record, we reverse and remand.

**{4}** Neither Defendant nor the district court have specified which Rules of Criminal Procedure the State has violated and would warrant exclusion of the witnesses' testimony. We see no dispute in the materials before us that the State did not have possession or control of the FBI's information that Defendant sought. *See* Rule 5-501(A)(3) NMRA (requiring the state to disclose or make available to the defendant any documents that "are within the possession, custody or control of the state, and which are material to the preparation of the defense or are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant"). We also see no basis in the record to support a conclusion that witnesses' potential multistate criminal histories held by the FBI fell under any other category of information subject to discovery under Rule 5-501(A). There is no indication that the State withheld any information in its possession regarding its witnesses, and there is no indication that the State limited Defendant's access to the witnesses or sought to limit Defendant's questioning of the witnesses. *See* Rule 11-609(A) NMRA (providing that subject to the balancing test under Rule 11-403 NMRA, the district court must allow a witness's character for truthfulness to be attacked by evidence of a crime punishable by death or

more than one year of imprisonment). The record shows that the State did not oppose Defendant's efforts to obtain information on the witnesses' criminal histories from the FBI. [1 RP 191] For these reasons, we see no basis for a conclusion that the witnesses could be excluded on the basis that the State violated its discovery obligations under the Rules of Criminal Procedure or that the State denied Defendant the opportunity to challenge the witnesses' credibility under those rules.

**{5}** In the absence of an apparent violation of the Rules of Criminal Procedure, we proceed to review the record to determine whether affirmance is proper on the basis of a violation of a court order. The record shows that Defendant sought a court order to compel the FBI to disclose the criminal histories or to provide the district court with the information for an in camera hearing, which the State did not oppose. [1 RP 191] The State explained that it had access to FBI information about criminal defendants, but it did not have access to the FBI information about victims or witnesses, pursuant to the State's user agreement with the FBI. [1 RP 191, 234] Nevertheless, the district court entered an order to compel the FBI to provide the criminal histories of the witnesses to the State and ordered the State to provide the FBI with a copy of the order to compel. [1 RP 198]

**{6}** After several months, Defendant filed a motion to enforce the district court's order to compel, explaining that she had received no information from the State about the FBI's criminal records and that the FBI refused Defendant's independent efforts to obtain the criminal records from the FBI. [1 RP 231-32] The State responded that it did not oppose the district court ordering the FBI to release the information, but that Defendant asks the State to obtain information from the FBI that it is contractually prohibited from obtaining. [1 RP 234] The State reiterated that this predicament was explained to Defendant before she filed the motion to compel. [Id.] The State explained that because it was not permitted to obtain the criminal records of the witnesses and victims from the FBI, it did not request the criminal records from the FBI. [Id.]

**{7}** Thereafter, Defendant filed a motion in limine to exclude the witnesses' testimony, but did not suggest that the district court should exclude the witnesses' testimony as a sanction for violation of the court order under *Harper* or *Le Mier*. [2 RP 278-85] The district court granted Defendant's motion in limine based, at least in part, on a violation of the court's order without mention of *Harper* or *Le Mier*, without any mention of the relevant considerations under *Harper* or *Le Mier*, and without holding a hearing on the motion in limine. [Id.]

**{8}** In order to exclude witnesses as a sanction for violation of a court order, the New Mexico Supreme Court requires courts to engage in an analysis of the factors it identified in *Harper*—the degree of culpability of the party that violated the court order, the prejudice tangibly suffered by the opposing party as a result of the violation of the court order, and whether witness exclusion is the least severe sanction to fit the circumstances. *Harper*, 2011-NMSC-044, ¶¶ 16-27; *Le Mier*, 2017-NMSC-017, ¶ 20 ("Courts must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain

their decision to exclude or not to exclude a witness within the framework articulated in *Harper*."). In *Harper*, the New Mexico Supreme Court stated that the exclusion of witnesses is a "severe sanction" that "should not be imposed except in extreme cases." 2011-NMSC-044, ¶ 21. While *Le Mier* clarified that *Harper* does not stand for the proposition that "witness exclusion [or other severe sanctions are] justified only if all of the *Harper* considerations weigh in favor of exclusion[,]" *Le Mier* and our case law applying it are unequivocal in the requirement that a district court consider and explain on the record the manner in which it considered all three of the *Harper* factors. *Le Mier*, 2017-NMSC-017, ¶ 20; *see also State v. Lewis*, 2018-NMCA-019, ¶ 12, 413 P.3d 484 ("*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record."). When a district court fails to explain its sanction decision under the *Harper* factors, the record is inadequate for this Court to engage in a substantive review, and we must reverse and remand for further development of the record. *Lewis*, 2018-NMCA-019, ¶¶ 16, 18.

{9}     Because the district court in the current case did not hold a hearing, we have only the district court's order and the pleadings before it from which to glean the district court's reasoning underlying its exclusion of witnesses. None of the materials in the record mention the applicable analysis under *Harper* and *Le Mier* or show that the district court considered the *Harper* factors required by our case law to exclude witnesses as a sanction. In what could be viewed as the only relevant comment, the district court's order states: "While sympathetic to the contractual limits placed on the State by the FBI regarding criminal histories of witnesses, that problem does not trump our Rules of Criminal Procedure, the [c]ourt's [o]rders filed herein, or basic [d]ue [p]rocess." [2 RP 310] While this statement might suggest a consideration of the State's low degree of culpability and a consideration of fairness to Defendant, this statement does not provide adequate information about the *Harper* factors for our review. For example, the record contains no explanation about why it is the State's responsibility to provide the FBI's criminal histories of the witnesses, why Defendant could not obtain, in any other way, the limited information on the witnesses' criminal histories that is admissible under Rule 11-609 NMRA, how the defense would be prejudiced by acquiring the admissible information on witnesses' criminal histories without the FBI's involvement, and why witness exclusion—"a sanction of last resort," *Le* Mier, 2017-NMSC-017, ¶ 21—was the most appropriate and least severe sanction available under the circumstances. Because the record does not contain the reasons that might underlie an evaluation of each *Harper* factor or an analysis that applies and weighs the three *Harper* factors, we reverse and remand to allow the district court to further develop the record to allow review of the district court's reasoning.

{10}    For the reasons stated above, we reverse and remand for further proceedings consistent with this opinion.

{11}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**